Andrew Gerber (AG 0779)
Penelope Fisher-Birch (PFB 8019)

KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
*Attorneys for Plaintiff Susan Ghahremani*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
———————————————————————
                                                          :
SUSAN GHAHREMANI,                      :        Case No.
                                                          :
                              Plaintiff,        :        **COMPLAINT**
        v.                                            :
                                                          :
THE TJX COMPANIES, INC. and        :
BOWERY APPAREL LLC,                    :        **JURY TRIAL DEMANDED**
                                                          :
                              Defendants.      :
———————————————————————  :

        Plaintiff Susan Ghahremani, by her attorneys Kushnirsky Gerber PLLC, for her complaint

against defendants The TJX Companies, Inc. ("TJX") and Bowery Apparel LLC ("Bowery")

(collectively, "Defendants"), alleges as follows:

<u>**NATURE OF THE ACTION**</u>

        1.        Ms. Ghahremani is an independent artist and illustrator who sells enamel pins,

stationery, children's books, and other original products under the brand name Boygirlparty. Best

known for her whimsical and distinctive illustrations of animals, Ms. Ghahremani has a large and

devoted base of fans and consumers around the world.

        2.        One of Ms. Ghahremani's original illustrations is shown below (the "Original

Design").



3.       Ms. Ghahremani sells enamel pins featuring the Original Design directly to consumers and through authorized licensees. Copyright management information in the form of the Boygirlparty trade name and the "©" copyright symbol appears prominently on the back of each pin and on the pin's packaging, as shown below.



4.       Defendant TJX bills itself as the leading off-price apparel and home fashions retailer in the U.S. and worldwide. TJX operates over 1,000 retail locations under the brand name TJ Maxx and an additional 1,000 retail locations under the brand name Marshalls.

5.     Defendant Bowery is an apparel design and manufacturing company that supplies apparel to some of the largest retailers in the United States.

6.     Bowery created a t-shirt that features an infringing, nearly identical copy of the Original Design ("the Infringing Shirt"), as shown below.



7.     Bowery sold the Infringing Shirt to TJX for resale at both TJ Maxx and Marshalls retail locations.

8.     Ms. Ghahremani asserts claims for copyright infringement under the United States Copyright Act, 17 U.S.C. § 101, *et seq.* (the "Copyright Act"), and removal of copyright management information and distribution of false copyright management information under the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.* (the "DMCA").  She seeks monetary damages, costs, and attorneys' fees.

## PARTIES, JURISDICTION, AND VENUE

9.     This is an action for copyright infringement under the Copyright Act, removal of copyright management information under the DMCA, and distribution of false copyright management information under the DMCA.  The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10.     The Court has personal jurisdiction over Defendants pursuant to N.Y. C.P.L.R. §§ 301 and 302.

11.     Defendant TJX is a corporation organized under the laws of Delaware with a principal place of business at 770 Cochituate Road, Framingham, Massachusetts 01701. TJX does systematic business in New York and in this District; operates retail locations in New York and in this District; and has transacted business in New York and contracted to supply goods or services in New York in connection with the matters giving rise to this lawsuit.

12.     Defendant Bowery is a limited liability company organized under the laws of Florida with a principal place of business at 19930 NE 15th Court, Miami, Florida 33179. Bowery does systematic business in New York and in this District and has transacted business in New York and contracted to supply goods or services in New York in connection with the matters giving rise to this lawsuit.

13.     Ms. Ghahremani is an independent artist residing in San Diego, California. Ms. Ghahremani owns the copyright in the Original Design and has satisfied the requirements of 17 U.S.C. § 411(a) prior to filing this Complaint.

14.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendants do business, may be found, and are subject to personal jurisdiction here, and because a substantial part of the events or omissions giving rise to the claims occurred here.

## FACTUAL BACKGROUND

### I.       Plaintiff's Original Creation

15.     Ms. Ghahremani is an independent artist who creates and sells artwork and products featuring her original illustrations through her website at boygirlparty.com, through the ecommerce platform Etsy, and through various third-party retailers.

16.     Ms. Ghahremani created the Original Design in 2016. On August 7, 2016, Ms. Ghahremani timely obtained Copyright Registration No. VA0002067171 for the Original Design.

17.     Copyright management information consisting of, *inter alia*, the Boygirlparty brand name and the "©" copyright symbol is included on the back of each pin featuring the Original Design and its packaging. This information, which is created and placed on the pin and packaging via a digital and technological process involving computer software and printing machinery, serves to identify Ms. Ghahremani, through Boygirlparty, as the author and copyright owner of the Original Design.

### II.      Defendants' Willful Infringement and Unlawful Conduct

18.     Defendant Bowery copied the Original Design to make the Infringing Shirt. A comparison of the Original Design and a detail of the Infringing Shirt is shown below.

 

5

19.     In the process of unlawfully creating, copying, and distributing the Infringing Shirt without the consent, permission, or authority of Ms. Ghahremani, Bowery intentionally removed the copyright management information that Ms. Ghahremani conveyed in connection with copies of the Original Design.

20.     In April 2018, Ms. Ghahremani discovered that TJX was selling the Infringing Shirt in its stores.

21.     On May 2, 2018, counsel for Ms. Ghahremani contacted TJX regarding its display and sale of the Infringing Shirt and demanded that TJX immediately stop selling and displaying the Infringing Shirt.

22.     On May 15, 2018, Paul Zimmerman, president of Bowery, contacted Plaintiff's counsel and confirmed that the Infringing Shirt was designed by Bowery's in-house designer.

23.     On May 16, 2018, Mr. Zimmerman provided to Plaintiff's counsel two Instagram posts referenced by Bowery's in-house designer in the process of creating the Infringing Shirt, as shown below.





24.     Ms. Ghahremani is clearly identified in these Instagram posts as the creator and source of the Original Design.

25.     Ms. Ghahremani has been significantly damaged by these unlawful uses of the Original Design, and has been forced to file this Action in order to protect her rights and livelihood.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, *et seq*.**
**(Against All Defendants)**

26.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 25 above, and incorporates them herein by this reference.

27.     Plaintiff is the legal owner of all right, title, and interest in the Original Design. Plaintiff is the legal owner of the copyright in that work.

28.     Defendants have copied, reproduced, distributed, adapted, publicly displayed, and sold the Original Design without the consent, permission, or authority of Plaintiff.

29.     Defendants' conduct constitutes infringement of Plaintiff's copyright and exclusive rights in violation of sections 106 and 501 of the Copyright Act.

30.     Defendants' acts of infringement have been willful, intentional, purposeful, and in reckless disregard of and with indifference to the rights of Plaintiff.

31.     As a result of the infringement that began in and stemmed from the United States, Plaintiff has and will continue to suffer damages in the United States and around the world.

32.     As a result of the infringement that began in and stemmed from the United States, Defendants have unlawfully profited in the United States and around the world.

33.     Plaintiff is entitled to her actual damages and Defendants' profits related to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504.

34.     Alternatively, Plaintiff is entitled to select an award of statutory damages, pursuant to 17 U.S.C. § 504.

**SECOND CLAIM FOR RELIEF**
**REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION - 17 U.S.C. § 1202(b)**
**(Against Defendant Bowery)**

35.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 34 above, and incorporates them herein by this reference.

36.     The Original Design includes conspicuous copyright management information, which is conveyed in connection with the Original Design and protected under 17 U.S.C. § 1202(b).

37.     In the process of unlawfully copying, reproducing, distributing, adapting, and/or publicly displaying the Original Design without the consent, permission, or authority of Plaintiff, Defendant Bowery intentionally removed Plaintiff's copyright management information from the Original Design.

38.     Defendant Bowery created and sold unauthorized copies of the Original Design with the intent and knowledge that copyright management information had been intentionally removed therefrom.

39.     Defendant Bowery intentionally removed Plaintiff's copyright management information from the Original Design and distributed the Infringing Shirt with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

40.     Defendant Bowery engaged in these activities without the consent or authorization of Plaintiff.

41.     Plaintiff has been injured as a result of these violations of 17 U.S.C. § 1202(b) and is entitled to injunctive relief, impounding of the Infringing Shirts, damages, costs, and attorneys' fees. Pursuant to 17 U.S.C. § 1203(c)(3), Plaintiff may also elect to recover statutory damages of up to $25,000 for each violation of 17 U.S.C. § 1202(b).

### THIRD CLAIM FOR RELIEF
### FALSE COPYRIGHT MANAGEMENT INFORMATION - 17 U.S.C. § 1202(a)
### (Against Defendant Bowery)

42.     Plaintiffs repeats and realleges each and every allegation set forth in paragraphs 1 through 41 above, and incorporate them herein by this reference.

43.     Defendant Bowery knowingly provided false copyright management information in connection with the Infringing Shirt.  Specifically, Defendant Bowery placed its own "Artist Union" branding on each Infringing Shirt.

44.     Defendant Bowery intentionally and knowingly distributed false copyright management information in connection with the Infringing Shirt.

45.     Defendant Bowery knowingly provided such false copyright management information and distributed such false copyright management information in connection with the Infringing Shirt with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

46.     Defendant Bowery engaged in these activities without the consent or authorization of Plaintiff.

47.     Plaintiff has been injured as a result of this violation of 17 U.S.C. § 1202(a) and is entitled to injunctive relief, impounding of the Infringing Shirts, damages, costs, and attorneys' fees. Pursuant to 17 U.S.C. § 1203(c)(3), Plaintiff may also elect to recover statutory damages of up to $25,000 for each violation of 17 U.S.C. § 1202(a).

**WHEREFORE**, Plaintiff demands judgment as follows:

1.     Awarding Plaintiff her actual damages in connection with Defendants' willful copyright infringement;

2.     Awarding Plaintiff all of Defendants' disgorged worldwide profits from sales of the Infringing Shirt;

3.     Awarding Plaintiff statutory damages, attorneys' fees, and costs under the Copyright Act;

4.     Awarding Plaintiff $25,000 per violation of 17 U.S.C. § 1202(a), ordering the impounding of the Infringing Shirt under 17 U.S.C. § 1203, and awarding Plaintiff's costs and attorneys' fees under 17 U.S.C. § 1203;

5.     Awarding Plaintiff $25,000 per violation of 17 U.S.C. § 1202(b), ordering the impounding of the Infringing Shirt under 17 U.S.C. § 1203, and awarding Plaintiff's costs and attorneys' fees under 17 U.S.C. § 1203;

6.     Awarding Plaintiff interest, including prejudgment interest, on the foregoing sums; and

7.     Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated:     New York, New York          Respectfully Submitted,
           July 25, 2018
                                       KUSHNIRSKY GERBER PLLC


                                       By: _____
                                       Andrew Gerber (AG 0779)
                                       Penelope Fisher-Birch (PFB 8019)
                                       andrew@kgfirm.com
                                       penelope@kgfirm.com
                                       27 Union Square West, Suite 301
                                       New York, NY 10003
                                       (212) 882-1320
                                       *Counsel for Susan Ghahremani*